UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KRISTIN CORDERO,<br><br>               Plaintiff,<br><br>v.<br><br>AMERICA'S WHOLESALE LENDER AKA COUNTRYWIDE HOME LOANS INC. AKA BAC HOME LOAN SERVICING INC. LP AKA BANK OF AMERICA HOME LOANS, N.A.; FIDELITY NATIONAL TITLE INSURANCE CO.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. (MERS); RECONTRUST COMPANY, N.A.; FANNIE MAE/FREDDIE MAC; John and Jane Does, 1-thru-20, individuals working for above Defendants; Unknown Business 1-thru Entities 20,<br><br>               Defendants. | Case No. 1:12-cv-00099-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Fidelity National Title Insurance Company filed a timely motion for attorney fees on November 6, 2012. (Dkt. 24.) Fidelity seeks its attorney fees under Fed. R. Civ. P. 54(d), and Idaho Code § 12-121, claiming Plaintiff Kristin Cordero pursued her lawsuit against Fidelity without foundation.

The parties have fully briefed the motion and it is now ripe for the Court's consideration. Having reviewed the record herein, the Court finds that the facts and legal

**MEMORANDUM DECISION AND ORDER - 1**

arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be decided on the record before this Court without oral argument. Dist. Idaho L. Rule 7.1(d).

## BACKGROUND

On October 28, 2011, Cordero filed a Complaint in the Fourth Judicial District of the State of Idaho, identifying Fidelity as a party defendant. On March 1, 2012, the case was removed to this Court by Defendant Bank of America. On March 14, 2012, Fidelity filed a Motion to Dismiss. Cordero failed to timely respond, and on August 1, 2012, the Court entered an order denying the Cordero's Notice of Intent to Respond to Defendant's Motion to Dismiss. On October 15, 2012, the Court filed a Memorandum Decision and Order, granting Fidelity's requested relief, and on October 23, 2012, the Court entered judgment against Cordero, dismissing her Complaint with prejudice in its entirety without leave to amend.

Fidelity was named as the trustee in the Deed of Trust when the loan was originated on March 9, 2006. However, ReconTrust was appointed as successor trustee and initiated foreclosure proceedings by sending a Notice of Default on May 1, 2009. Cordero's first cause of action alleged that Fidelity and the Bank Defendants breached their fiduciary duties owed to Cordero by "refusing to cooperate with Plaintiff's efforts" at a loan modification. The Court dismissed these claims as asserted against Fidelity, because Fidelity was not the trustee at the time of foreclosure, and therefore did not owe Cordero any duty related to the foreclosure proceedings. Moreover, Cordero alleged no

**MEMORANDUM DECISION AND ORDER - 2**

facts that Fidelity owed or breached any duty prior to ReconTrust's appointment as successor trustee.

Cordero's third cause of action alleged violation of TILA and RESPA against Fidelity and the Bank Defendants. The Court found the applicable statute of limitations barred the TILA and RESPA claims. All of Cordero's remaining claims were asserted against other defendants.

Fidelity argues the claims against it were asserted without foundation or factual support, and as the prevailing party, it is entitled to fees under both Fed. R. Civ. P. 54 and Idaho Code § 12-121. The amount of fees total $3,932.50 for 20.5 hours of attorney time.[1] Cordero, who appeared pro se in this matter, filed an objection. She claims her case clearly stated a claim, and she did not file any claims that were frivolous, malicious, harassing or unreasonable. In response, Fidelity notes that, although Cordero filed her complaint, she took no further action to support or prosecute her claims. Further, Fidelity reiterates that Cordero compelled it to appear and defend without foundation, because Fidelity was no longer the trustee at the time of foreclosure. Fidelity complains that Cordero's sole purpose in filing her complaint was to delay the foreclosure.

## ANALYSIS

Under the Federal Rules of Civil Procedure, "a claim for attorney's fees and related nontaxable expenses must be made by motion." Fed. R. Civ. P. 54(d)(2)(A). The motion "must specify the judgment and the statute, rule or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B)(ii). Pursuant to Dist. Idaho L. Civ. R.

---

[1] Attorney Clayton Gill, a shareholder with Moffat Thomas, billed 11.5 hours at an hourly rate of $205.00. Associate Matthew McGee billed 9 hours at an hourly rate of $175.00.

**MEMORANDUM DECISION AND ORDER - 3**

54.2, "[c]laims for attorney fees will not be treated as routine items of costs. Attorney fees will only be allowed upon an order of the judge of the Court after such fact-finding process as the judge orders." Dist. Idaho L. Rule 54.2(a).

An award of attorney fees incurred in a lawsuit based on state substantive law generally is governed by state law. *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1024 (9th Cir. 2003). Fidelity's alternative basis for an award of attorney fees is Idaho Code § 12-121. Attorney fees may be awarded under this statute if the case was brought, pursued, or defended frivolously, unreasonably, or without foundation. *Ackerman v. Bonneville County*, 92 P.3d 557, 563 (Idaho Ct. App. 2004); Idaho R. Civ. P. 54(e)(1). The applicable legal standard is whether "all claims brought or all defenses asserted are frivolous and without foundation." *Rockefeller v. Grabow*, 39 P.3d 577, 585 (2001) (internal quotation marks and citation omitted). An award of attorney's fees under this section is a discretionary decision. *Lohman v. Flynn*, 78 P.3d 379, 388 (2003).

Cordero asserted claims against Fidelity based upon federal law, as well as a claim under state law for breach of fiduciary duty. However, Fidelity did not cite the Court to any fee provision under TILA or RESPA, or another federal statute, which would entitle Fidelity to attorney fees as the prevailing party on those claims, as required by Rule 54(d)(2)(B)(ii). State law does not provide a basis for an award of attorney fees for the federal claims, only for the state law breach of fiduciary duty claim.

The Court finds that Cordero's breach of fiduciary duty claim against Fidelity rose to the level of being unreasonable and frivolous. There were no factual allegations in the Complaint giving rise to conduct that would support a claim against Fidelity. Fidelity was

**MEMORANDUM DECISION AND ORDER - 4**

simply named in the complaint. Cordero failed to respond to the motions to dismiss, or otherwise defend against the motions. Given the circumstances, the Court finds that the breach of fiduciary duty claim was pursued frivolously, without merit, and without hope for success. The Court will award Fidelity attorney fees for having to defend against the breach of fiduciary duty claim.

In reviewing the fee affidavit, the Court finds that the time spent by both senior and junior counsel was appropriate and reasonable, as were the respective hourly rates of $205 and $175. In the exercise of its discretion, the Court will award one-half of the attorney fees requested, considering there is a statutory basis for an award of fees for only one of the two claims asserted against Fidelity. Fidelity is therefore awarded attorney fees in the amount of $1,966.25.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

Defendant Fidelity National Title Insurance Company's Motion for Award of Attorney Fees (Dkt. 24) is **GRANTED in part and DENIED in part**. Defendant is entitled to an award of attorney fees in the amount of $1,966.25. An amended form of judgment may be submitted by Fidelity.

Dated: **January 14, 2013**

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 5**